KGO/AMK                                                              7357-6154

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | ) | |
| LIABILITY LITIGATION (NO. VI) | ) | MDL DOCKET NO.: MDL 875 |

This Document Relates to:

| | | |
|---|---|---|
| JUDY SMITH, Individually and as | ) | |
| Special Administrator of the Estate of | ) | |
| RONALD SMITH, deceased | ) | |
| | ) | Case No.: 08-cv-90287 |
| Plaintiff, | ) | |
| | ) | Judge Eduardo C. Robreno |
| vs. | ) | Magistrate Judge David R. Strawbridge |
| | ) | |
| CATERPILLAR, INC., et al. | ) | CVLO 1 & 2 – Subgroup B |
| | ) | |
| Defendants. | ) | |

### DEFENDANT ISPAT INLAND INC.'S MOTION TO STRIKE PLAINTIFF'S "FIRST RESPONSE TO STANDARD INTERROGATORIES," PLAINTIFF'S "FIRST RESPONSE TO STANDARD INTERROGATORIES – 5/21/12," AND ALL ASSOCIATED EXHIBITS, WITNESS AND "PRIOR TESTIMONY" LISTS

NOW COMES Defendant, Ispat Inland Inc. ("Inland"), by and through its attorneys, JOHNSON & BELL, LTD., and respectfully moves for entry of an order striking and barring Plaintiff's "First Response to Standard Interrogatories" and striking and barring all exhibits associated therewith, and striking and barring Plaintiff's "First Response to Standard Interrogatories – 5/21/12" and striking and barring all exhibits, witness lists and "prior testimony" lists associated therewith. In support of its motion, the Defendant submits the following argument.

### INTRODUCTION AND STATEMENT OF FACTS

Plaintiff brings this tort action against Inland and others for personal injuries her decedent allegedly sustained through occupational exposure to asbestos. Among the numerous

paragraphs, the complaint alleges that the plaintiff's decedent contracted lung cancer as a result of exposure to asbestos containing products while working as a laborer at Inland and various other locations. (See plaintiff's Complaint, attached hereto as Exhibit A). Decedent allegedly visited Inland as an employee of an independent contractor or contractors at some unspecified point in 1971. (*Id.*). Inland has denied and continues to deny all material allegations pleaded against it.

At some point earlier in the instant litigation, plaintiff's counsel served the defendants with Plaintiff's "First Response to Standard Interrogatories" and Exhibit A thereto.[1] A copy of said document is attached hereto and incorporated herein as Exhibit B. ***The so-called interrogatory answers are unsigned and unverified.*** As is apparent, neither the interrogatory answers nor the attached Exhibit A to them provide any substantive details supporting plaintiff's allegations against Inland. For example, the unverified answers:

- Fail to specify the inclusive dates of decedent's alleged presence at Inland;
- Fail to identify what, if any, allegedly asbestos containing products he encountered at or from Inland;
- Fail to identify decedent's purported employer at the time he was allegedly present at Inland;
- Fail to identify where within Inland's facilities decedent allegedly performed work;
- Fail to detail just what decedent's supposed work consisted of; and,
- Do not disclose any coworker or other witnesses to substantiate her claims against Inland.

After close of business on May 21, 2012 — the day fact discovery herein closed

---

[1] It is not possible to state with certainty exactly when this discovery document was served, as the version received by Inland was unsigned, unverified and was not accompanied with any form of proof of service. Movant has been in possession of the discovery document since at least July, 2011.

pursuant to this Court's April 12, 2012 Scheduling Order, Docket Entry 117 — plaintiff's counsel served defendants with Plaintiff's "First Response to Standard Interrogatories – 5/21/12" and Exhibits A – C thereto.[2] A copy of said document, including a copy of an e-mail message from plaintiff's counsel's legal assistant transmitting same at 5:18 P.M. on May 21, 2012, is attached hereto and incorporated herein as Exhibit C. ***These so-called interrogatory answers are likewise unverified.*** Among other things, plaintiff in this new, untimely and unverified discovery response attempts to:

- Assert new factual exposure claims into the case (Compare Answers to Interrogatory 19 in each, Exhibits B and C hereto);
- Provide, for the first time in the case, a list of depositions taken in approximately 17 other cases, none of which involved movant as a party, which plaintiff portrays as "Prior Testimony" without any further description (Exhibit C to Exhibit C hereto);
- Provide, for the first time in the case, a list of "Living Coworkers and Site Witnesses" who purportedly support her claims, comprised of twenty-one pages of single-spaced names and numbering ***over 800 previously undisclosed witnesses***. (Exhibit B to Exhibit C hereto) (Curiously, plaintiff's decedent is himself listed among these "Living Coworkers and Site Witnesses." *See* Plaintiff's "First Response to Standard Interrogatories – 5/21/12," Exhibit B, p. 18, Line 1, Exhibit C hereto).

This case is part of the CVLO Group 2B cases, a subset of cases where fact discovery closed on May 21, 2012. *See* Docket Entry 117 (Scheduling Order). Upon the close of discovery

---

[2] The answer to Interrogatory 29 therein references an Exhibit E, which was not appended to the document served on movant.

3

in this case on May 21, 2012, Inland reasonably believed that fact discovery concerning plaintiff's exposure claims was complete, ***and that plaintiff had disclosed no witnesses or other substantive information in support of her claims against Inland.***

## ARGUMENT

Inland moves to strike and bar these purported discovery responses and their associated exhibits because:

- They are unverified, in violation of Fed.R.Civ.P. 33(b)(3); and,
- In the case of plaintiff's "First Response to Standard Interrogatories – 5/21/12" and Exhibits A – C thereto, they are untimely and pose severe prejudice and surprise to Inland which could not be cured without substantial disruption to the Court's schedule for this and other cases in the Court.

Fed. R. Civ. P. 33(b)(3) provides that "[e]ach interrogatory must . . . be answered . . . fully in writing ***under oath***." Fed. R. Civ. P. 33(b)(3) (emphasis added.). The August 4, 2011 Deposition Protocol which governs pre-trial discovery in this case similarly requires that answers to interrogatories be verified. In discovery matters such as this, the Court has broad powers to impose sanctions for discovery abuses, inherent to a court's authority. *United States v. Hudson*, 11 U.S. 32, 34 (1812), *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1119 (1st Cir. 1989) ("Courts cannot lack the power to defend their integrity against unscrupulous marauders; if that were so, it would place at risk the very fundament of the judicial system"). Further, F.R.Civ.P. 37(c) empowers courts to issue "appropriate sanctions" to parties that fail to comply with their discovery obligations. Sanctions may include, *inter alia*, dismissal of an action, Fed. R. Civ. P. 37(c)(1)(C); 37(b)(2)(A)(v)&(vi), evidentiary sanctions such as barring a party from using untimely disclosed information or witnesses to supply evidence, Fed. R. Civ. P. 37(c)(1), and the imposition of a fine, Fed. R. Civ. P. 37(c)(1)(A).

Plaintiff here has violated multiple Rules of Civil Procedure, such as Rule 26(e) and 37(c) which require the timely supplementation of discovery responses, and Rule 33(b)(3), requiring that interrogatory answers be verified. Furthermore, plaintiff has violated paragraph 13 of the Court's deposition protocol, which requires that a plaintiff provide "complete" verified answers to standard interrogatories and "complete" fact witness disclosures. This, alone, makes the relief sought herein appropriate.

Apart from plaintiff's failure to verify her interrogatory answers as aforesaid is the prejudice to defendants if these unverified interrogatory answers, particularly those which add over 800 previously undisclosed witnesses and some seventeen (17) prior depositions, were allowed to stand. The potential prejudice to Inland posed by plaintiff's tactic here is dramatic. As of the close of fact discovery in the case on May 21, 2012, plaintiff's case as against Inland stood completely without evidentiary support of any kind. Literally minutes after the close of business on that date, plaintiff disclosed for the first time ***over 800 purported coworker witnesses*** (Exhibit B to Plaintiff's "First Response to Standard Interrogatories – 5/21/12," Exhibit C hereto) along with some seventeen (17) depositions representing "prior testimony" plaintiff apparently intends to try to use to bolster her case. (Exhibit C to Plaintiff's "First Response to Standard Interrogatories – 5/21/12," Exhibit C hereto).

According to Exhibit B to Plaintiff's "First Response to Standard Interrogatories – 5/21/12," Exhibit C hereto, each of the so-called "Living Coworkers and Site Witnesses" is represented by CVLO; at least one (1) of them, decedent herein, is deceased. (Plaintiff's "First Response to Standard Interrogatories – 5/21/12," Exhibit B, p. 18, Line 1, Exhibit C hereto). According to Exhibit C to Plaintiff's "First Response to Standard Interrogatories – 5/21/12," Exhibit C hereto, each of the seventeen (17) depositions from which plaintiff intends to derive her so-called "prior testimony" was taken months to over a decade before discovery in the instant

case closed and in nearly half the cases, prior to the filing of the instant lawsuit. Moreover, Inland was not a party to any of the cases in which these depositions were taken. Clearly, the existence of these witnesses (all of whom are asserted to be CVLO clients) and depositions was known to plaintiff's counsel long before discovery in this case closed, and was undoubtedly known to plaintiff's counsel when plaintiff's original interrogatory answers were prepared and served at least a year ago. Finally, as noted, above, plaintiff's interrogatory responses are unverified.

The Third Circuit has offered the following balancing test, used by this court in *Unzicker v. A.W. Chesterton Co.*, Case No. 11-cv-66288, to determine the appropriate exclusionary sanction for these types of discovery violations:

> (1) the prejudice or surprise in fact of the party against whom the excluded [material would have been used], (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule . . . would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith or willfulness . . . .

*In re TMI Litig.*, 193 F.3d 613, 721 (3d Cir. 1999) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894 (3d Cir. 1977). The relief requested here is appropriate under this balancing test. The prejudice to Inland should plaintiff be allowed to use the late disclosed witnesses and deposition testimony is obvious. Likewise, the prejudice could not be cured, at least not without substantial expense and discovery and an incredible disruption of the Court's scheduling orders and procedures for CVLO MDL 875 cases.

The relief requested is likewise appropriate because this Court has confronted the exact same situation in at least one other CVLO MDL 875 case, *Unzicker v. A.W. Chesterton Co.*, *supra*. There, similar unverified and so-called "supplemental" interrogatory responses - submitted two days prior to the close of discovery in that case by the same counsel representing Plaintiff herein - were stricken by Magistrate Judge Strawbridge upon motion of defendant

General Electric Company ("GE"). *Unzicker v. A.W. Chesterton Co.*, Case No. 11-cv-66288, Order and Memorandum Opinion, Docket Entries No. 179 and 182, (E.D. Pa. May 25, 2012), copies of which are attached hereto and incorporated herein as Exhibit D.

In *Unzicker*, among other things, Magistrate Judge Strawbridge found no reason to deviate from the Deposition Protocol, Federal Rules of Civil Procedure, and "clear authority" that interrogatory responses must be verified. *Unzicker* Opinion, at 5-6, citing, *inter alia*, *Bracey v. Grenoble*, 494 F.2d 566 (3rd Cir. 1974) (reversing lower court, in part, on independent basis that it improperly relied on unverified interrogatory responses); *United States v. $39,557.00, More or Less, in U.S. Currency*, 683 F. Supp.2d 335, 340-341 (D.N.J. 2010) (concluding that a party's lack of compliance with Rule 33(b)(3) by, *inter alia*, failing to sign interrogatory answers, was sufficient grounds to strike its claim); *Tokarz v. TRG Columbus Development Venture, Ltd.*, 08-60190, 2008 WL 4533917, at *2 (S.D. Fla. Oct. 6, 2008) (holding that by failing to sign interrogatory answers, the party was "deemed to have not responded at all" ); *Cabales v. U.S.*, 51 F.R.D. 498, 499 (S.D.N.Y. 1970) (finding that unsigned, unverified interrogatory answers did not qualify as answers at all.); *Overton v. City of Harvey,* 29 F.Supp. 894, 901 (N.D.Ill. 1998 (striking as a summary judgment exhibit plaintiff's unverified answers to interrogatories signed only by the attorney). Though the Court in *Unzicker* rested its determination of GE's Motion for Sanctions on plaintiff's failure to comply with Fed.R.Civ.P. 33(b)(3) (May 25, 2012 Memorandum, Exhibit D hereto, p. 6), Magistrate Judge Strawbridge undertook a careful analysis of the potential prejudice worked to GE by plaintiff's late "supplementation" of his discovery responses (*id.* at pp. 6 – 8) and concluded that even if plaintiff's "supplemental" discovery requests had been properly verified, he still would likely have been sanctioned by prohibiting the use of the "supplemental" answers given the prejudice to GE. (*id.* at p. 9).

Here, as in *Unzicker,* it "is difficult to imagine a circumstance where an untimely, non-specific information dump could be more prejudicial to defendants or more disruptive to the case management process than what has occurred here." *(id.* at p. 8). The same relief should obtain in this case. Consistent with Magistrate Judge Strawbridge's earlier Order and Memorandum Opinion (Exhibit D hereto), Plaintiff's purported Interrogatory Answers, Exhibits B and C hereto, should be stricken and disregarded as unverified, untimely and prejudicial, and her lists of so-called "Living Coworker and Site Witnesses" and "Prior Testimony" likewise stricken and barred for the same reasons.

## CONCLUSION

Wherefore, Ispat Inland Inc. respectfully moves for entry of an order:

(1). Striking plaintiff's unsigned and unverified interrogatory answers (Exhibits B and C hereto);

(2). Barring, striking and otherwise excluding all of the untimely disclosed so-called "Living Coworkers and Site Witnesses" (Exhibit B to Plaintiff's "First Response to Standard Interrogatories – 5/21/12," Exhibit C hereto);

(3). Barring, striking and otherwise excluding all so-called "prior testimony" (Exhibit C to Plaintiff's "First Response to Standard Interrogatories – 5/21/12," Exhibit C hereto); and,

(4). For such other and further relief as the Court deems equitable and appropriate.

Consistent with Local Rule 7.1, a form order granting this motion has been submitted herewith, prepared for the signature of the Honorable David R. Strawbridge, United States Magistrate Judge, Eastern District of Pennsylvania.

## **CERTIFICATION**

Counsel for Inland hereby certifies that he has personally conferred with plaintiff's counsel in an effort to resolve the instant issue without Court intervention, to no avail.

        Respectfully submitted,

        Ispat Inland Inc.

        By:  /s/ Kevin G. Owens
              One of its attorneys

Kevin G. Owens
Angela M. Kotsalieff
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770
Email: owensk@jbltd.com

KGO/AMK                                                                         7357-6154

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS ) | |
| LIABILITY LITIGATION (NO. VI) ) | **MDL DOCKET NO.: MDL 875** |

This Document Relates to:

| | |
|---|---|
| JUDY SMITH, Individually and as ) | |
| Special Administrator of the Estate of ) | |
| RONALD SMITH, deceased ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: 08-cv-90287 |
| ) | |
| CATERPILLAR, INC., et al. ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2012, a copy of Ispat Inland, Inc., f/k/a Inland Steel Company's Motion to Strike Plaintiff's First Response to Standard Interrogatories, Plaintiff's First Response to Standard Interrogatories – 5/21/12 and All Associated Exhibits, Witness and Prior Testimony Lists was filed electronically and is available for viewing and downloading from the Court's ECF system. All counsel of record have been served via electronic service.

                                                    Respectfully submitted,

                                                    JOHNSON & BELL, LTD.

                          By:    /s/Kevin G. Owens  
                                    Kevin G. Owens  
                                    One of the attorneys for  
                                    Defendant, Ispat Inland, Inc.  
                                    f/k/a Inland Steel Company  
                                    *LEAD ATTORNEY – TO BE NOTICED*

Kevin G. Owens  
JOHNSON & BELL, LTD.  
33 West Monroe St. - Suite 2700  
Chicago, IL  60603  
(312) 372-0770